**ORDERED.**

**Dated: December 08, 2009**



_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Arizona Equipment Rental I, LLC,<br><br>Debtor. | Case No. 4:09-bk-27946-EWH<br><br>Chapter 11<br><br>**AMENDED OMNIBUS ORDER AUTHORIZING DEBTOR TO SELL INVENTORY IN THE ORDINARY COURSE OF BUSINESS** |

This matter came before the Court on the *Motion for Entry of an Order Confirming Authority of the Debtor to Sell Inventory in the Ordinary Course of Business* (the "Inventory Motion"), which was filed on November 10, 2009 [Docket No. 40] by Arizona Equipment Rental I, LLC, debtor and debtor-in-possession in the above-captioned case.[1] The Court held a hearing on the Inventory Motion on November 25, 2009 (the "Hearing"). At the Hearing, the Court considered objections to the Inventory Motion, including objections asserted by JLG Industries Inc. ("JLG") that: (i) the cash proceeds from the sale

---

[1] Capitalized terms not defined in this Amended Order have the meanings given to them in the Inventory Motion.

of Inventory should be paid directly to JLG at the closing of such sales on account of JLG's liens on the Inventory; and (ii) the sale proceeds should not be deposited into the Debtor's bank accounts or commingled with other cash. Other parties in interest that appeared at the Hearing asserted the same or similar objections. To resolve those objections, the Debtor agreed at the Hearing that the proceeds from the sale of Inventory would be transferred at closing directly to creditors holding valid liens on the sold Inventory.

On November 25, 2009, the Debtor uploaded an order granting the Inventory Motion, which the Court entered on the same day. *See Omnibus Order Authorizing Debtor to Sell Inventory in the Ordinary Course of Business* [Docket No. 79] (the "<u>Sale Order</u>"). On December 1, 2009, JLG's counsel contacted Debtor's counsel and expressed concern that the Sale Order does not contain language that adequately reflects the resolution of the objections which occurred at the Hearing. Accordingly, the Debtor uploads this Amended Order for the purpose of amending and clarifying the Sale Order. In light of the foregoing,

**IT IS ORDERED THAT:**

1. Paragraph 2b of the Sale Order is replaced entirely with the following:

> The cash proceeds from the sale of Inventory will be distributed at closing directly to those parties who hold valid liens on the Inventory including, without limitation, liens on the Inventory based on cross-collateralization; provided, however, that no such party will be paid more than the total amount of the party's liens on the Inventory.

2. Paragraph 2d of the Sale Order is replaced entirely with the following:

> After all distributions under Paragraph 2b are completed, any remaining cash proceeds from the sale of Inventory will be deposited and segregated in bank accounts maintained and serving as the Debtor's debtor-in-possession bank accounts. The Debtor may withdraw funds from these accounts as necessary to pay operating and essential expenses and to purchase additional inventory. Any secured creditor's lien or security interest in Inventory constituting cash collateral will continue notwithstanding deposit in the debtor-in-possession bank accounts.

3. This Amended Order does not amend the Sale Order in any respect except as expressly set forth herein.

**SIGNED AND DATED ABOVE**